UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WACHOB LEASING CO., INC.  and
WACHOB IRREVOCABLE TRUST                                                    PLAINTIFFS

VERSUS                                                   CIVIL ACTION NO. 1:15CV237-HSO-RHW

GULFPORT AVIATION  PARTNERS, LLC and
UNITED STATES OF AMERICA                                                     DEFENDANTS

**ORDER GRANTING MOTION FOR PROTECTIVE ORDER and
DENYING MOTION TO COMPEL**

Before the Court is Plaintiffs Wachob Leasing Co., Inc. and Wachob Irrevocable Trust's (Wachob) motion for a protective order seeking to preclude disclosure of documents that are subject to a subpoena served on non-party United States Aircraft Insurance Group (USAIG). Doc. [34].  The subpoena requests that USAIG produce "[a]ny and all documents relating to the incident . . . but not limited to USAIG's entire claims file" and "[a]ny and all documents containing communications . . . between USAIG . . . and any other entity or person concerning the incident."  Doc. [34-2] at 2.  Wachob invokes the attorney-client privilege, common interest privilege, and work product doctrine as grounds for resisting disclosure of more than 200 documents contained on USAIG's privilege log.  Also pending is Defendant Gulfport Aviation Partners' motion to compel production of the same documents.  Doc. [57].

On April 25, 2014, an aircraft owned by Wachob was damaged while parked on the tarmac at Gulfport-Biloxi International Airport.  Wachob notified USAIG that it would make a hull insurance claim as a result of the incident.  Wachob and USAIG entered into a negotiated settlement of Wachob's hull insurance claim.  Under the terms of the settlement, Wachob agreed

to accept an agreed upon amount of money to partially cover the cost of purchasing a replacement aircraft and to pursue civil litigation.

As an initial matter, the Court concludes that federal law of privilege should apply because the complaint was filed pursuant to federal question jurisdiction. Plaintiffs seek recovery in part under the Federal Tort Claims Act (FTCA). *See Tucker v. United States*, 143 F.Supp.2d 619, 622-25 (S.D.W.Va. 2001)(applying federal privilege law to FTCA claim with pendant state law claims); *In re Combustion, Inc.*, 161 F.R.D. 51, 53-54 (W.D. La. 1995)(applying federal privilege law in case substantively based on FTCA and CERCLA); *Young v. United States*, 149 F.R.D. 199, 202-04 (S.D. Cal. 1993)("Congress intended federal privilege law to apply in Federal Tor Claims Act cases."). Although there are state law claims as well, there is no indication that the evidentiary materials relate only to the state law claims. *See Pearson v. Miller*, 211 F.3d 57, 66 n.8 (3d Cir. 2000); *Hancock v. Dodson*, 958 F.2d 1367, 1372-73 (6th Cir. 1992); *von Bulow v. von Bulow*, 811 F.2d 136, 141 (2d Cir. 1987). To the contrary, the fact that the United States seeks disclosure of the documents is a strong indicator that the evidentiary materials apply at least as equally to the FTCA claims as to the state law claims. If, as urged by Gulfport Aviation, the Court were to apply the Mississippi law of privilege with respect to disclosure of the documents to Gulfport Aviation but the federal law of privilege with respect to disclosure of the documents to the United States, it likely would result in inconsistent rulings on treatment of the documents for discovery purposes. Accordingly, the Court will apply the federal law of privilege.

Contrary to Defendants' assertion, the Court also finds that Wachob does have standing to challenge the subpoena duces tecum served on a third party. Wachob is claiming that the

documents are protected by the attorney-client privilege and work product doctrine through operation of the common legal interest privilege. Wachob also claims an independent work product protection for some of the documents. Because Wachob claims a personal right or privilege over the documents, it has standing to challenge their disclosure. *See Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979). Whether the asserted privileges prevent the disclosure of the communications is a separate matter from the issue of Wachob's standing to bring the challenge in the first place.

The attorney-client privilege protects communications made in confidence by a client to his lawyer for the purpose of obtaining legal advice. *Hodges, Grant & Kaufmann v. U.S. Gov't Dep't of the Treasury, I.R.S.*, 768 F.2d 719, 721 (5th Cir. 1985). The disclosure of privileged communications to a third person eliminates the confidentiality of the privilege and waives the privilege. *Id.* However, the privilege is not waived if the privileged communication is shared with a third person who has a common legal interest. *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710-13 (5th Cir. 2001); *Hodges*, 768 F.3d at 721. This "common legal interest privilege" has been applied to the work product doctrine as well. *See In re Grand Jury Subpoenas, 89-3 & 89-4*, 902 F.2d 244, 249 (4th Cir. 1990); *Ferko v. National Ass'n for Stock Car Auto Racing, Inc.*, 219 F.R.D. 396, 401 (E.D.Tex. 2003). In contrast to the attorney-client privilege, the Fifth Circuit has held that mere voluntary disclosure to a third party is insufficient to waive the work-product privilege. *Shields v. Sturm, Ruger & Co.*, 864 F.2d 379, 382 (5th Cir. 1989).

The Fifth Circuit recognizes two types of communications protected by the common legal interest privilege: (1) communications between co-defendants in actual litigation and their counsel; and (2) communications between potential co-defendants and their counsel. *In re Santa*

*Fe*, 272 F.3d at 710.  With respect to the latter category, the Fifth Circuit defines the term "potential" to mean a palpable threat of litigation at the time of communication.  *Id.* at 710-11.  For example, the privilege has been extended to communications made among persons who consulted an attorney together as a group with common interests seeking common representation in the face of imminent litigation.  *Id.* (citing *In re Auclair*, 961 F.2d 65, 69 (5th Cir. 1992)).  It remains an open question in the Fifth Circuit whether the privilege is applicable to co-plaintiffs.  *See BCR Safeguard Holding, L.L.C. v. Morgan Stanley Real Estate Advisor, Inc.*, No. 14-31068, 614 Fed. Appx. 690, 703-04 (5th Cir. 2015)("this court has not expressly held that the [common interest] privilege is inapplicable to co-plaintiffs.").  However, several courts have found that the privilege extends to co-plaintiffs.  *See In re Grand Jury Subpoenas*, 902 F.2d at 249; *In re Age Ref., Inc.*, 447 B.R. 786, 806 (Bankr.W.D.Tex. 2011); *In re Hardwood P-G*, 403 B.R. 445, 460-61 (Bankr.W.D.Tex. 2009); *Grochocinski v. Mayer Brown Rowe & Maw LLP*, 251 F.R.D. 316, 327 (N.D.Ill. 2008).  The undersigned concludes that the common interest privilege can be applied to potential co-plaintiffs.

Wachob argues that at the time of the communications reflected in the privilege log, it and USAIG were potential co-plaintiffs contemplating litigation against the parties responsible for causing damage to the aircraft.  In support of this position, Wachob submits affidavits from the President of Wachob and the Senior Vice President of USAIG, who both indicate that immediately after the incident Wachob and USAIG anticipated that they would pursue a claim against the parties responsible for the damages, including a lawsuit if necessary.  Doc. [61-1] & [61-2].  The affidavits assert that Wachob and USAIG held a single legal right against the responsible parties.  *Id.*  The communications in the privilege log were "for the purpose of

4

furthering the legal aspects of and formulating a strategy for seeking and obtaining civil recovery from the party(ies) responsible for Incident" and that those documents and communications reflected "the legal opinion, advice, strategy and/or theory" about the underlying claim in Wachob's lawsuit. *Id.* USAIG's Senior Vice President states that USAIG ratified Wachob's claims in the instant lawsuit and authorized Wachob's recovery of damages under Mississippi law related to those claims. Doc. [61-1]. Based on the foregoing, the Court concludes that Wachob and USAIG were potential co-plaintiffs who exchanged information and communications in anticipation of litigation against the parties responsible for the damage caused to Wachob's aircraft.

In addition to possessing a common legal interest in the communications, Wachob asserts that some of the documents on the privilege log constitutes attorney work product. The Federal Rules of Civil Procedure recognize that documents prepared in anticipation of litigation, which can include the party's insurer, are protected from disclosure. *See* Fed. R. Civ. P. 26(b)(3)(A). As noted earlier, the mere disclosure of work product to a third party does not waive Wachob's privilege against disclosure of the work product. *See Shields*, 864 F.2d at 382. Hence, to the extent that any of the documents on the privilege log were prepared in anticipation of Wachob's litigation against the responsible parties, then those documents would be protected from disclosure, notwithstanding the fact that the documents were shared with USAIG.

In addition to being potential co-plaintiffs, Wachob and USAIG, had an insurer-insured relationship. There is no blanket privilege for communications between insurer and insured. *See Linde Thomson Langworthy Kohn & Van Dyke, P.C. v. RTC*, 5 F.3d 1508, 1514-15 (D.C. Cir. 1993). In its role as insurer, USAIG investigated and adjusted Wachob's claim. USAIG and

Wachob negotiated a settlement under the hull insurance policy issued by USAIG.  Hence, some of the documents or communications on the privilege log might have been created in the ordinary course of business as part of the claims adjusting process or as part of the arms length negotiations between insurer and insured.  *See e.g. United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982); *Guidry v. Jen Marine LLC*, No. 03-0018, 2003 WL 22038377, at *4 (E.D. La. 2003); *St. Paul Reinsurance Co. Ltd. v. Commercial Financial Group*, 197 F.R.D. 620, 636-37 (N.D.Iowa 2000); *See In re Imperial Corp. of America*, 167 F.R.D. 447, 455-56 (S.D.Cal. 1995); *Allendale Mut. Ins. Co. v. Bull Data Systems, Inc.*, 152 F.R.D. 132, 136 (N.D.Ill. 1993).  The communications might also contain underlying facts, which could be discoverable.  *See Upjohn v. United States*, 449 U.S. 383, 395-96 (1981); *Dunn v. State Farm Fire & Cas. Co.*, 122 F.R.D. 507, 510 (N.D.Miss. 1988).  While the Court recognizes that a common legal interest privilege can apply to potential co-plaintiffs such as USAIG and Wachob and that an independent work product privilege may apply to some of the documents on the privilege log, it is unclear whether all of the documents on the privilege log fall under the common legal interest privilege or work product doctrine.  Accordingly, the Court will conduct an *in camera* review of the documents to determine which documents, if any, should be produced.

      IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiffs' [34] Motion for Protective Order is GRANTED to the extent that the Court recognizes in principle the applicability of the common legal interest privilege and work product doctrine to communications/documents on USAIG's privilege log; however, Plaintiffs are directed to provide to the Court within seven (7) days of the entry of this Order copies of the documents on the privilege log for *in camera* review.

IT IS FURTHER ORDERED that Defendant Gulfport Aviation Partners, LLC's [57] Motion to Compel is DENIED.

SO ORDERED, this the 16th day of June, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE